IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SARAH GARDNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-3112 |
| ) | |
| STATE OF ILLINOIS, DEPARTMENT ) | |
| OF CHILDREN AND FAMILY ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This is a Title VII retaliation case brought under 42 U.S.C. § 2000e-3(a).  Pending before the Court is the Defendant's motion in limine to bar evidence or argument at trial relating to the salaries paid to other positions [d/e 40], and its motion in limine to bar the testimony of Petra Porras [d/e 43].

(1)

In support of its motion to bar evidence or argument at trial

1

concerning the salaries paid to other positions, the Defendant first notes that Plaintiff Sarah Gardner was offered the position of Chief of Affirmative Action, a Senior Public Service Administrator ("SPSA") position. The Defendant further alleges that although the Plaintiff states she was offered the position in July 2003, the necessary authorizations to appoint her to the position were not obtained until that November. The Defendant claims the Plaintiff was offered the position at that time, but she was dissatisfied with the salary offered and did not sign the required documents to accept the position. The following month, DCFS selected another candidate for the position.

The Defendant alleges that because of the State's budget crisis, the Governor's office had by the summer of 2003 implemented a policy limiting pay raises to an eight percent increase over an individual's prior salary. The Defendant states that Plaintiff apparently submitted a FOIA request to the Illinois Comptroller's Office. The response purportedly consisted of a cover letter and a twelve page list of PSA and SPSA positions within DCFS and their pay rates as of December 2002 and September 2003.

The Defendant contends that the Comptroller's letter and report should be excluded for multiple reasons. First, DCFS cannot stipulate to its authenticity or accuracy. Moreover, the document is hearsay in that it is offered to prove the truth of the matters asserted–the rate of pay for PSA and SPSA positions within DCFS.

The Plaintiff alleges that the document is a response to a request that Gardner made under the Illinois FOIA. Those laws provide that all "public records" shall be made available to members of the general public. Gardner notes that section 2 of FOIA provides that "Public records includes . . . the names, salaries, titles and dates of employment of all employees and officers of public bodies." 5 ILCS 140/2(c)(viii).

The Plaintiff states that her request was responded to by the Office of the Illinois Comptroller. Section 12 of the Illinois Comptroller Act specifically provides that the Comptroller is responsible for payroll for the State of Illinois. See 15 ILCS 405/12. Gardner asserts that because the Comptroller was mandated to provide this information to her upon her request, this exhibit constitutes a "public record" and is admissible under

Federal Rule of Evidence 803(8) as an exception to hearsay.

Unless there is a specific reason to doubt the authenticity of the document or unless circumstances otherwise "indicate a lack of trustworthiness," See Fed. R. Evid. 803(8)(C), the Court will overrule the Defendant's objection based on hearsay.

Even if the document is not hearsay, the Defendant alleges that it is not relevant to this case and any arguable probative value is substantially outweighed by the danger of unfair prejudice. Specifically, DCFS asserts that there is no dispute that its Director did not identify Gardner as the successful candidate for the position until July 2003, and by then the State was limiting the amount of promotion-based pay raises to eight percent of the candidate's former salary. The Defendant contends that there is no evidence that anyone other than the Plaintiff would have ever considered the amount paid to other positions in determining the amount of a pay raise to offer Plaintiff if she accepted the promotion. Moreover, DCFS states that the FOIA documents included information that preceded the 2003 wage policy which limited promotion based pay increases to eight percent, and

4

the information would therefore be confusing and misleading to the jury because those were not the rules in effect at the time of Plaintiff's promotion approval. Because it alleges that the pay rate for any other position is irrelevant, DCFS states that this information should be excluded pursuant to Federal Rule of Evidence 403.

In her response brief, the Plaintiff first claims that she disputes the Defendant's assertion she was not offered the job until July 2003. Gardner maintains that she was offered the position in May 2003. The Plaintiff also disputes that DCFS was limited to offering her an eight percent raise. She alleges Victor Roberson testified that she could have been offered more than the eight percent figure.

The Plaintiff contends that she was retaliated against and that part of the retaliation was the fact that she was not offered a reasonable wage for the position of Chief of Affirmative Action. Gardner asserts that in order to present this evidence, she is relying upon this exhibit to establish the wages that were paid to all other SPSA's at DCFS. According to the Plaintiff, the documents show that the money offered to her was well below

any other SPSA at DCFS. Thus, the Plaintiff claims that the evidence is relevant to establish that she was retaliated against based on the salary she was offered.

In its trial brief, the Defendant contends that based on the Court's summary judgment opinion, the Plaintiff cannot show that the wage offer she received was retaliatory. It is true that after DCFS pointed to another candidate who received an eight percent raise and was placed in a double exempt position, the Court concluded that Gardner had failed to allege a prima facie case of retaliation pursuant to the indirect method of proof, when she was unable to show any similarly situated employees who were treated more favorably. However, the Court did not specifically determine that the Plaintiff was unable to show retaliation, based on the terms of her wage offer, pursuant to the direct method.[1] Thus, the Court concludes that the Plaintiff is not automatically precluded from presenting this evidence

---

[1]The Court's opinion determined that there was "just enough evidence to create a factual dispute on the Plaintiff's retaliation claim pursuant to the direct method, based on the 'double exempt' status of the position that she sought and its alleged connection to her previous statutorily protected activity." The Court did not specifically address whether Plaintiff was able to show retaliation under the direct method based on the terms of the offer.

based on the Court's previous ruling.

The Court concludes that the evidence relating to the salaries paid to other positions is potentially relevant, given the broad definition of "relevant evidence" under Federal Rule of Evidence 401 and the Plaintiff's overall theory of the case.  While there may potentially be some danger that this evidence could be confusing or misleading to the jury or unfairly prejudicial to DCFS, as the Defendant contends, the Court notes that the Defendant is not precluded from presenting its own evidence regarding when the position was offered to the Plaintiff, and when the policy limiting promotion-based pay raises to eight percent of the candidate's salary went into effect.  Presumably, that would limit any danger of unfair prejudice to the Defendant or confusing or misleading the jury.

Based on the foregoing, the Court is unable to conclude that pursuant to Federal Rule of Evidence 403, the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  The evidence is relevant and appears to be admissible under Rule 402.  The Defendant's motion in limine will be

denied.[2]

(2)

The Defendant has also moved in limine to bar the testimony of Petra Porras. In support of the motion, the Defendant notes that although the Plaintiff has listed Petra Porras as a witness, Ms. Porras was not listed on Plaintiff's Rule 26 Disclosures, she was not identified in response to Defendant's interrogatories to Plaintiff, and Plaintiff never mentioned her name throughout her Plaintiff's deposition. Accordingly, the Defendant asserts that the Plaintiff should not be allowed to call Ms. Porras as a witness at trial.

In her response brief, the Plaintiff claims that Petra Porras was referenced during Plaintiff's deposition testimony. According to the referenced testimony, the Plaintiff states that Ms. Porras used to work for the Department. Apparently, Ms. Porras set up a meeting between the Plaintiff and an unidentified man who was very well-connected politically.

---

[2]The Defendant has also moved to exclude a letter from the Plaintiff's counsel to former DCFS Director Bryan Samuels. The Plaintiff has agreed to withdraw the letter.

The Plaintiff testified that she talked to this man about her desire for promotion within management.

Because Ms. Porras was mentioned during the Plaintiff's deposition testimony and given that Porras's testimony would appear to be somewhat limited in scope, the Court will not bar the testimony.

Ergo, the Defendant's motion in limine to bar evidence or argument at trial relating to the salaries paid to other positions [d/e 40] is DENIED. The Defendant's motion in limine to bar the testimony of Petra Porras [d/e 43] is DENIED.

ENTER: March 22, 2007

        FOR THE COURT:

                s/Richard Mills
                United States District Judge